UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNETTE K. BROWN,

                              Plaintiff,

           v.                                     Case # 19-CV-642-FPG
                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

## INTRODUCTION

Plaintiff Annette K. Brown brings this action pursuant to Titles II and XVI of the Social Security Act seeking review of the denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Plaintiff protectively applied for DIB and SSI on September 21, 2015, alleging disability since September 12, 2013 due to a back injury at work, back pain, and leg pain. Tr.[1] 80-81, 160-72, 186, 191. After the Social Security Administration ("SSA") denied her application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 51-79. On May 31, 2018, the ALJ issued an unfavorable decision. Tr. 26-46. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed to this Court. ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 14. For the following reasons, Plaintiff's motion, ECF No. 10, is DENIED, the Commissioner's motion, ECF No. 14, is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

**LEGAL STANDARD**

**I.     District Court Review**

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.    Disability Standard**

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of the claimant's age, education, and work experience. *See Parker v. City of New York*, 476 U.S.

467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

### I.  The ALJ's Decision

The ALJ analyzed Plaintiff's benefits application using the process described above.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of September 12, 2013.  Tr. 31.  At step two, the ALJ assessed Plaintiff with the severe impairment of degenerative disc disease of the lumbar and cervical spine with disc herniations and radiculopathy and paroxysmal atrial fibrillation.  Tr. 32.  At step three, the ALJ found that none of Plaintiff's impairments meet or medically equal the criteria of any Listings impairment and determined that Plaintiff retains the RFC to perform light work with additional postural and exertional restrictions.  Tr. 32-39.  At step four, the ALJ found that Plaintiff is unable to perform any past relevant work, and at step five, the ALJ found that Plaintiff can adjust to other work that exists in significant numbers in the national economy.  Tr. 40-41.  Accordingly, the ALJ found that Plaintiff is not disabled.  Tr. 41.

### II.  Analysis

#### A.  Listing 1.04A

Plaintiff first argues that the ALJ erred by finding that her degenerative disc disease does not meet Listing 1.04A.  The Court disagrees.

Listing 1.04A requires a showing that the claimant has a disorder of the spine—such as Plaintiff's degenerative disc disease here—which must be accompanied by, among other things, motor loss.  Motor loss can be demonstrated by muscle weakness.

Plaintiff contends that the ALJ erroneously read into Listing 1.04A a requirement that Plaintiff's muscle weakness must be persistent.  The Commissioner counters that, in order to meet

3

a Listings impairment, a claimant must show that her impairment has lasted or is expected to last for a continuous period of at least 12 months.  *See Lakatos v. Comm'r of Soc. Sec.*, No. 1:19-CV-00436 EAW, 2020 U.S. Dist. LEXIS 112298, at *4 (W.D.N.Y. June 26, 2020) (explaining that, if an impairment meets the Listings criteria and meets the 12 month durational requirement set forth in 20 C.F.R. §§ 404.1509, 416.909, the claimant is disabled).

Although neither Plaintiff nor the Commissioner direct the Court to any authority on this argument, one court in this circuit recently sided with the Commissioner on this issue.  In *Spease v. Saul*, No. 3:19-CV-1199 (JAM), 2020 U.S. Dist. LEXIS 115686, at *14-15 (D. Conn. July 1, 2020), the court held that, even if plaintiff could show that he had some of the symptoms required by Listing 1.04 over the course of four years, he still could not show that he met the criteria *continuously* for the required duration of 12 months.  *Id.* at *14.  Thus, the ALJ's conclusion that plaintiff's impairments did not meet Listing 1.04 was supported by substantial evidence.  *Id.* at *15.

Similarly, in *Avant v. Colvin*, No. 1:14-CV-1562-SEB-DKL, 2016 U.S. Dist. LEXIS 21920 (S.D. Ind. Feb. 1, 2016), the court rejected plaintiff's argument that the ALJ improperly added to Listing 1.04A a requirement that her symptoms be "persistent," "continuous," or "consistently present" for 12 months.  *Id.* at *11.  The Court held that the ALJ appropriately found that some of the symptoms required to satisfy listing 1.04A did not exist for a continuous period of 12 months during the relevant time period, and thus plaintiff's impairment did not meet Listing 1.04A.  *Id.* at *11, 20; *see also Vargas v. Colvin*, No. 15-2502 (KM), 2017 U.S. Dist. LEXIS 4837, at *14 (D.N.J. Jan. 11, 2017) (rejecting plaintiff's argument that the ALJ erred by finding that her impairment did not meet Listing 1.04A because there was "no evidence that [plaintiff] ha[d] *persistent* motor, sensory or reflex loss") (emphasis added).  In light of this authority, the Court rejects Plaintiff's

argument that the ALJ erred by concluding that her degenerative disc disease did not meet Listing 1.04A because she did not demonstrate persistent muscle weakness.

### B. Plaintiff's RFC

Plaintiff next argues that the ALJ's RFC finding that Plaintiff could stand for six hours and walk for six hours a day was not supported by substantial evidence. Again, the Court disagrees.

First, substantial opinion evidence supported the ALJ's finding. The ALJ gave "substantial weight" to the opinion of occupational therapist Kevin King, who performed a functional capacity evaluation of Plaintiff. Tr. 39. He opined that Plaintiff could stand up to 66% of a workday and walk up to 66% of a workday. Tr. 565. The ALJ found his opinion to be consistent with the record as a whole. Tr. 39.

Plaintiff argues that the ALJ should have given less weight to King's opinion because he was not a physician and he rendered his opinion in June 2014, early in Plaintiff's period of disability. In the same breath, however, Plaintiff argues that the ALJ should have given more weight to the opinion of Plaintiff's chiropractor, Thomas Taylor, D.C. But he is also not a physician, and he rendered his opinion in March 2014, even earlier than King's opinion.

Moreover, King's opinion is consistent with some of the other opinion evidence in the record. For example, Plaintiff's treating physician, David Bagnall, M.D., endorsed King's opinion by noting that Plaintiff could return to work as outlined in King's evaluation. Tr. 568. Additionally, examining physician Steven Hausmann, M.D., opined that Plaintiff could likely stand and walk up to eight hours per day with breaks and position changes. Tr. 321.

Second, substantial evidence of Plaintiff's activities and conservative treatment supported the ALJ's finding. The ALJ noted, for example, that Plaintiff told her treating sources that she walked for exercise. Tr. 36, 427. The ALJ also cited other activities inconsistent with extreme

limitations on standing and walking, including going shopping with her daughter, and doing chores around the house. Tr. 36, 201, 203. Plaintiff also used over the counter medication more often than stronger prescription medication, and she declined to undergo surgery because she was anxious about it. Tr. 36, 346, 350, 467, 354, 222, 359.

While plaintiff points to other opinions and evidence in the record that would support her position that she has "greater limitations than those found by the ALJ, the question is not whether substantial evidence supports plaintiff's position, but whether it supported the ALJ's decision." *Anderson v. Colvin*, No. 1:14-CV-01038 (MAT), 2017 U.S. Dist. LEXIS 100308, at *6 (W.D.N.Y. June 28, 2017). Because the Court finds that it did, remand is not required. *See Cartagena v. Comm'r of Soc. Sec.*, No. 18-CV-245-FPG, 2019 U.S. Dist. LEXIS 168712, at *10-11 (W.D.N.Y. Sep. 27, 2019) ("[W]here substantial evidence supports the ALJ's decision, a court will not remand simply because the evidence also supports an alternate conclusion.").

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 10, is DENIED, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 14, is GRANTED, and Plaintiff's Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 10, 2020
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court